CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Elliott Montgomery, Esq., SBN 29451
<u>Mail</u>: PO Box 262490
San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Daniel Lopez**,<br><br>    Plaintiff,<br><br>    v.<br><br>**Willowbrook Center Partnership,** a California Limited Partnership;<br>**KRC Willowbrook Center, LLC,** a Delaware Limited Liability Company; **Louisiana Fish Market, Inc.**, a California Corporation; and Does 1-10,<br><br>    Defendants. | Case No. **2:18-CV-01356-JFW-GJS**<br><br>**First Amended Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Daniel Lopez complains of Defendants Willowbrook Center Partnership**,** a California Limited Partnership; KRC Willowbrook Center, LLC**,** a Delaware Limited Liability Company; Louisiana Fish Market, Inc., a California Corporation; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility.

1

2.   Defendant Willowbrook Center Partnership owned the real property located at or about 11816 Wilmington Ave., Los Angeles, California, in June 2016.

3.   Defendant Willowbrook Center Partnership owned the real property located at or about 11816 Wilmington Ave., Los Angeles, California, in January 2017.

4.   Defendant Willowbrook Center Partnership owns the real property located at or about 11816 Wilmington Ave., Los Angeles, California, currently.

5.   Defendant KRC Willowbrook Center, LLC owned the real property located at or about 11816 Wilmington Ave., Los Angeles, California, in June 2016.

6.   Defendant KRC Willowbrook Center, LLC owned the real property located at or about 11816 Wilmington Ave., Los Angeles, California, in January 2017.

7.   Defendant KRC Willowbrook Center, LLC owns the real property located at or about 11816 Wilmington Ave., Los Angeles, California, currently.

8.   Defendant Louisiana Fish Market, Inc. owned the Louisiana Fish Market located at or about 11816 Wilmington Ave., Los Angeles, California, in June 2016.

9.   Defendant Louisiana Fish Market, Inc. owned the Louisiana Fish Market located at or about 11816 Wilmington Ave., Los Angeles, California, in January 2017.

10. Defendant Louisiana Fish Market, Inc. owns the Louisiana Fish Market restaurant ("Restaurant") located at or about 11816 Wilmington Ave., Los Angeles, California, currently.

11. Plaintiff does not know the true names of Defendants, their business

First Amended Complaint                    2:18-CV-01356-JFW-GJS

capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

13. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

14. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

15. The Plaintiff went to the Restaurant in June 2016 and January 2017 to eat.

16. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

17. Transaction counters are one of the facilities, privileges, and advantages

First Amended Complaint                           2:18-CV-01356-JFW-GJS

offered by Defendants to patrons of the Restaurant.

18. The transaction counter at the Restaurant was more than 36 inches in height. In fact, the transaction counter is 40 inches high.

19. There was no lowered, 36 inch portion of the transaction counter at the Restaurant for use by persons in wheelchairs.

20. Currently, the transaction counter at the Restaurant is more than 36 inches in height.

21. Currently, there is no lowered, 36 inch portion of the transaction counter at the Restaurant for use by persons in wheelchairs.

22. Outdoor dining tables are another one of the facilities, privileges, and advantages offered by Defendants to customers at the Restaurant.

23. The table legs underneath the tables simply did not allow for the proper toe clearance.

24. Currently, the table legs underneath the tables simply do not allow for the proper toe clearance.

25. Plaintiff personally encountered these barriers.

26. These inaccessible conditions denied the plaintiff full and equal access and caused him difficulty and frustration.

27. Plaintiff would like to return and patronize the Restaurant but will be deterred from visiting until the defendants cure the violations.

28. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

29. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of

First Amended Complaint                    2:18-CV-01356-JFW-GJS

access if complete removal were not achievable.

30. A common barrier removal project is modifying transaction counters to make a portion of the counter accessible. This is a simple construction task, well within the capabilities of any general contractor. The task can be completed easily and for a modest price.

31. The tables outside the Restaurant are easily replaced at a low-dollar cost. Plaintiff cannot imagine that new tables would cost more than $500 total.

32. Plaintiff is and has been deterred from returning and patronizing the Restaurant because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the Restaurant as a customer once the barriers are removed.

33. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

34. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the

First Amended Complaint                    2:18-CV-01356-JFW-GJS

change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

35. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

36. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and

6

the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

37. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

38. Here, no such accessible counter has been provided in violation of the ADA.

39. Space under an element between the finish floor or ground and 9 inches above the finish floor or ground shall be considered toe clearance and shall comply with 306.2. However, toe clearance shall extend 17 inches to 25 inches under an element and it shall be at least 30 inches in width. Space extending greater than 6 inches beyond the available knee clearance at 9 inches above the finish floor or ground shall not be considered toe clearance. 2010 Standards §§ 306.2 (1-5).

40. Here, the defendants' failure to provide accessible tables at the Restaurant with the proper clearances is a violation of the ADA.

41. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

42. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

43. Given its location and options, plaintiff will continue to desire to patronize the Restaurant but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

44. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

45. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Cal. Civ. Code § 51(f), 52(a).)

46. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Cal. Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

8

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.


Dated: May 14, 2018                    CENTER FOR DISABILITY ACCESS

                                  By:   /s/ Elliott Montgomery
                                       Elliott Montgomery
                                       Attorney for Plaintiff

9